UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRIAN WHITAKER,<br><br>         Plaintiff,<br><br>    v.<br><br>COPIA VENTURES WATT INC., a California Corporation,<br><br>         Defendant. | No. 2:22-cv-00277 WBS AC |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report,[1] the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for June 21, 2022, and makes the following findings and orders without needing to consult with the parties any further.

I.  VDRP REFERRAL

---

[1] Although titled a "Joint Status Report," the document also initially refers to itself as plaintiff's "Unilateral Rule 26(f) Report." However, it includes defendant's attorney's information and electronic signature, and it repeatedly states defendant's position on the issues addressed in the report.

1

1     The court has determined that this case is appropriate
2 for an early settlement conference and will refer the action to
3 the court's Voluntary Dispute Resolution Program ("VDRP").
4     Within fourteen (14) days of this Order, the parties
5 shall contact the court's VDRP administrator, Sujean Park, at
6 (916) 930-4278 or SPark@caed.uscourts.gov, to start the process
7 of selecting an appropriate neutral.  The parties shall carefully
8 review and comply with Local Rule 271, which outlines the
9 specifications and requirements of the VDRP.
10     Any party that objects to this referral to the VDRP
11 shall file its objections within seven (7) days of this Order.
12 Such objections shall clearly outline why that party believes
13 that the action is not appropriate for referral to the VDRP.
14     The parties shall complete the VDRP session no later
15 than August 29, 2022.  No later than five (5) days after
16 completion of the VDRP session, the parties shall file a joint
17 statement indicating whether a settlement was reached.
18 II.  SERVICE OF PROCESS
19     All defendants have been served, and no further service
20 is permitted without leave of court, good cause having been shown
21 under Federal Rule of Civil Procedure 16(b).
22 III. JOINDER OF PARTIES/AMENDMENTS
23     Notwithstanding plaintiff's statement that he "will
24 file an amended complaint," no further joinder of parties or
25 amendments to pleadings will be permitted except with leave of
26 court, good cause having been shown under Federal Rule of Civil
27 Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975
28 F.2d 604 (9th Cir. 1992).

2

IV.   JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331, because plaintiff asserts a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.  The court has supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).  Venue is undisputed and hereby found to be proper.

V.   DISCOVERY

The parties served the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before June 10, 2022.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than April 17, 2023.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before May 1, 2023.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by May 15, 2023.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than May 15, 2023.

VI. MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before June 12, 2023.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VII. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for August 14, 2023, at 1:30 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims

that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VIII.   TRIAL SETTING

The bench trial is set for October 17, 2023, at 9:00 a.m.  The parties estimate that the trial will last two to three days.  As the parties have requested a bench trial, a bench trial will proceed before the court sitting without a jury.[2]

IX.    SETTLEMENT CONFERENCE

A Settlement Conference with a magistrate judge will be set at the time of the Pretrial Conference.  Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  The Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

X.    MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided

---

[2]  Although defendant demanded a trial by jury in its Answer, (see Docket No. 9), the later-filed Joint Status Report states that plaintiff requests a bench trial and that "[d]efendant agrees."  (Docket No. 14 at 5.)

only by the undersigned judge.

    IT IS SO ORDERED.

Dated:  June 14, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE